IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| WOW air LLC, <br><br> Plaintiff, <br><br> v. <br><br> Mark R. Pond, <br><br> Defendant. | Civil Action No. _____ <br> **DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff WOW AIR LLC ("WOW" or "WOW air"), by and through its undersigned attorneys, hereby files this Complaint against Defendant MARK R. POND, and in support thereof, alleges as follows:

**INTRODUCTION**

1. Mr. Pond seeks compensation for work under an employment agreement that was never formed and for principal duties he never performed. He has communicated his intent to bring suit on these baseless claims. WOW therefore brings this action for declaratory judgment to clarify the parties' rights with respect to whether WOW and Mr. Pond entered into an enforceable employment agreement and, if so, whether WOW owes him compensation pursuant to that employment agreement.

2. WOW was the United States subsidiary of a now-defunct Icelandic airline brand called WOW air that ceased operation in or about March 2019. In September 2019, it was announced that Michele Roosevelt Edwards would acquire the assets of WOW air in order to relaunch it; the asset purchase closed in January 2020. Mr. Pond sought employment with WOW air and offered his expertise in analyzing passenger ticket prices and other revenue

analysis. In late January 2020, WOW provided Mr. Pond with a document titled "Offer of Employment."

3. WOW and Mr. Pond never formed a legally binding employment agreement. The express terms of the Offer of Employment stated that a condition precedent of Mr. Pond's employment was that he execute a Bi-Lateral Non-Disclosure Agreement, Non-Solicitation and a Non-Circumvention Agreement (the "Non-Disclosure Agreement"). WOW provided this Non-Disclosure Agreement to Mr. Pond, but he never executed and returned that agreement to WOW. Thus, while Mr. Pond signed the Offer of Employment, it never became an enforceable employment agreement because the express condition precedent—the signing of the Non-Disclosure Agreement—has not been satisfied.

4. Moreover, the devastating economic and other impacts of the COVID-19 pandemic that has swept the globe has literally prevented WOW air from getting off the ground. WOW air has not operated any flights and has not sold any tickets. Because WOW air is not selling tickets, WOW air has had no need for Mr. Pond to analyze ticket prices. Indeed, Mr. Pond has not performed the principal duties set forth in the Offer of Employment for WOW or any of its affiliated entities.

5. In addition, any nonperformance by WOW is excused because an act of God—the COVID-19 pandemic—has frustrated the purpose of the Offer of Employment and prevented WOW's and Mr. Pond's performance under the Offer of Employment.

6. On November 19, 2020, Mr. Pond, through counsel, sent a demand letter to WOW and an affiliated (but not directly related) company alleging that they breached the Offer of Employment. In that letter, Mr. Pond claims he will suffer in excess of $2,904,400 in

damages, the bulk of which is purported lost wages, as a result of WOW's purported breach of the Offer of Employment.

7. Mr. Pond's alleged "damages" are completely inconsistent with, and many multiples of, the compensation he would have earned had he entered into the employment agreement (he did not) and performed his principal duties thereunder (he did not). The Offer of Employment provides that "the Company shall pay to Employee an amount of $225,000, payable bi-monthly." While the unambiguous meaning of this provision is that WOW would pay Mr. Pond an annual salary of $225,000 with compensation payments twice a month, Mr. Pond claims that WOW was required to pay him $225,000 every other month (that is, $1,350,000 a year, or $2,700,000 for two years). This frivolous interpretation of the compensation provision—which would have resulted in WOW providing Mr. Pond with a yearly salary in excess of the publicly reported salary of the CEO of United Airlines—artificially inflates his purported lost wages by $2,250,000.

8. WOW seeks a judicial declaration under 28 U.S.C. § 2201 et seq. that (1) the Offer of Employment does not constitute an enforceable employment agreement between WOW and Mr. Pond, (2) WOW did not breach the Offer of Employment to the extent one was formed, or (3) any nonperformance by WOW of any provision in the Offer of Employment is excused.

## PARTIES

9. WOW is a Florida foreign limited liability company with its principal place of business at 45025 Aviation Drive, Suite 150, Dulles, Virginia 20166. WOW's members are Ms. Edwards, Perry Davis, Jeff Robinson and Joe Robinson, none of whom is domiciled in Florida: Ms. Edwards is domiciled in Virginia; Mr. Davis is domiciled in Washington; Jeff Robinson is domiciled in Texas; and Joe Robinson is domiciled in Texas.

10. Upon information and belief, Mr. Pond is domiciled in Florida.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. WOW and Mr. Pond are citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

12. This Court has personal jurisdiction over Mr. Pond because Mr. Pond has purposefully availed himself of the privilege of conducting activities in this District by transacting business with WOW, which is located in this District, and WOW's claims arise out of those activities.

13. Declaratory relief is authorized by 28 U.S.C. § 2201 et seq., as well as Rule 57 of the Federal Rules of Civil Procedure.

14. Venue in this District is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in Northern Virginia.

15. An actual controversy exists between the parties concerning whether an employment agreement has been formed, whether WOW breached that employment agreement and whether any nonperformance by WOW of a term in the employment agreement is excused. A judicial declaration that no employment agreement was formed, that WOW did not breach the employment agreement or that any nonperformance is excused would resolve that controversy.

## STATEMENT OF FACTS

**A.     Mr. Pond Never Satisfied The Conditions For Employment At WOW.**

16. In or about September 2019, it was announced that an investor, Ms. Edwards, acquired the assets of WOW air, an ultra-low-cost air carrier that primarily serviced routes

between Iceland and the rest of Europe and North America, and ceased operations in or about March 2019.  One of the assets acquired as part of that transaction was WOW.

17. In September 2019, Mr. Pond worked for a company called AirFacts, which developed and licensed revenue accounting software for airlines.  Shortly after the announcement that Ms. Edwards was going to relaunch WOW air, Mr. Pond and the CEO of AirFacts, April Pearson, met with Ms. Edwards at her office in Virginia to pitch AirFacts' services to WOW air.

18. Following this meeting, Mr. Pond continued to reach out to Ms. Edwards.  At first, he was pitching AirFacts' services.  Mr. Pond, however, began pitching himself as an expert in airline passenger ticket pricing and seeking direct employment with WOW air.

19. On or about January 24, 2020, WOW provided to Mr. Pond a document titled "Offer of Employment."

20. The Offer of Employment expressly provides as follows:  "As a condition of acceptance of employment and at the execution of the Employment Agreement, a Bi-Lateral Non-Disclosure Agreement, Non-Solicitation and a Non-Circumvention Agreement will be incorporated and made part of the Employment Agreement."  As a startup in the highly competitive airline industry, maintaining the confidentiality of WOW air's business and operational plans pursuant to the Non-Disclosure Agreement is extremely important to WOW air.

21. On January 25, 2020, WOW provided to Mr. Pond a copy of the Bi-Lateral Non-Disclosure Agreement, Non-Solicitation and a Non-Circumvention Agreement (the "Non-Disclosure Agreement").  A copy of the January 25, 2020 email from Perry Davis, the Vice

President and Director of Security of WOW, to Mr. Pond and the draft Non-Disclosure Agreement is attached hereto as **Exhibit A**.

22. On or about January 30, 2020, after Mr. Pond made certain changes to the Offer of Employment which were accepted by WOW, Mr. Pond executed the Offer of Employment and returned it to WOW. The fully executed Offer of Employment is attached hereto as **Exhibit B**.

23. Despite it being an express condition for his employment, Mr. Pond never executed and returned to WOW a copy of the Non-Disclosure Agreement.

**B.     The Salient Terms Of The Offer Of Employment.**

24. The Offer of Employment provides that Mr. Pond's title would be "Senior Vice President (SVP) for WOW air Global Sales & Distribution Strategy Group." In this role, his responsibility would be to analyze passenger ticket prices.

25. As compensation for the "special services to be provided by" Mr. Pond, the Offer of Employment provided that WOW would pay Mr. Pond "an amount of $225,000, payable bi-monthly." The unambiguous meaning of this provision is that WOW would pay Mr. Pond an annual salary of $225,000 on a standard bi-monthly (two times per month) payroll schedule.

26. The Offer of Employment provides that its provisions would "remain in effect for a term of two (2) year commencing on the 1st of February 2020" and that it was also "subject to annual written renewal and consideration of salary escalation and additional corporate benefits."

27. The Offer of Employment provides that "[t]he laws of the State of Florida shall govern this Agreement."

**C.     Mr. Pond Has Not Provided The Promised Services To WOW Pursuant To The Offer Of Employment.**

28.     Mr. Pond has not performed his principal duties set forth in the Offer of Employment for WOW or any of WOW's affiliated companies.

29.     Before Mr. Pond began performing his contemplated principal duties, the COVID-19 pandemic started sweeping the globe, significantly curtailing travel and preventing WOW air from establishing operations.

30.     To this day, WOW air has not operated any passenger flights and it has not sold any tickets.

31.     As the Senior Vice President for Global Sales & Distribution Strategy Group, Mr. Pond's principal duty was to analyze passenger ticket prices for WOW air.  But, because WOW air has not operated any passenger flights or sold any tickets, there have been no pricing issues that Mr. Pond would need to analyze.

32.     Mr. Pond has not performed his principal duties for WOW pursuant to the Offer of Employment and thus is not entitled to any of the compensation offered in the Offer of Employment.

33.     Despite Mr. Pond not providing his principal duties pursuant to the Offer of Employment to WOW and its affiliated entities, Ms. Edwards has given Mr. Pond at his request $7,500, because Mr. Pond indicated that he was experiencing financial difficulty.

**D.     The COVID-19 Pandemic Constitutes An Act Of God That Frustrates The Purpose Of The Offer Of Employment.**

34.     The severity of the global COVID-19 pandemic has increased since January 2020, when the Offer of Employment was exchanged between WOW and Mr. Pond.  No one could have foreseen in January 2020 the enormous impact COVID-19 would have on the economy, especially the airline industry.

35. It was not until after the Offer of Employment was exchanged that significant events concerning COVID-19 occurred that rendered the services Mr. Pond was going to provide to WOW air under the Offer of Employment entirely unnecessary and impossible to perform. For instance, the U.S. Centers for Disease Control and Prevention ("CDC") declared a Public Health Emergency on or about February 3, 2020. Then on or about March 11, 2020, the CDC declared a pandemic and on or about March 13, 2020, the United States imposed a travel ban on non-U.S. citizens traveling from Europe.

36. The purpose of WOW retaining Mr. Pond's services through the Offer of Employment was to have him conduct analyses of passenger ticket pricing. WOW air was not able to launch any passenger flights because of the COVID-19 pandemic so Mr. Pond could not provide the services that were contemplated when WOW provided Mr. Pond with the Offer of Employment.

37. The global COVID-19 pandemic is extraordinary and unprecedented. The COVID-19 pandemic and accompanying economic turmoil, stay-at-home orders and travel restrictions have prevented WOW air from beginning operations. Because an act of God has frustrated the purpose of the Offer of Employment and made it impossible for WOW and Mr. Pond to perform under the Offer of Employment, any nonperformance by WOW is excused and WOW is not liable for any breach related to such nonperformance.

E.     **Mr. Pond Alleges That WOW Breached The Offer Of Employment And Sends A Demand Letter To WOW.**

38. On November 19, 2020, Mr. Pond, through his counsel, sent to WOW and a company affiliated with WOW (but that is not WOW's parent company), USAerospace, a letter titled "Presuit Settlement Demand" ("Demand Letter"). The Demand Letter was described by

Mr. Pond's counsel as a "communication from a debt collector." The Demand Letter is attached hereto as **Exhibit C**.

39. Mr. Pond in his Demand Letter makes the meritless allegation that WOW and USAerospace have "indisputably breached the employment agreement by failing to pay Mr. Pond any of the compensation and benefits that they promised to pay Mr. Pond under the agreement." In particular, Mr. Pond alleges that the Offer of Employment "is a valid and enforceable contract for employment" and WOW and USAerospace "have materially breached the agreement by failing to pay any amounts and benefits owed to Mr. Pond." Mr. Pond claims that on or before February 1, 2020, "Mr. Pond began working diligently" as the Senior Vice President for WOW, and that "[f]rom the inception of his employment, he was in constant communication with Michele Edwards . . . via emails, phone calls, text messages, and What's App messages." Mr. Pond also alleges that he was "in constant communication with other executives and employees of" WOW and that he "invested a substantial amount of time and energy towards his employment." None of those allegations is true.

40. In his Demand Letter, Mr. Pond incorrectly contends that despite the activities he allegedly performed on behalf of WOW, he "has not received any salary payments, or benefits owed to him under the agreement." Mr. Pond further alleges in his Demand Letter that he "has suffered damages for lost compensation and wages in the past and in the future, the loss of other company benefits, and now attorneys' fees and costs" and that he "is also entitled to pre- and post-judgment interest that has and continues to accrue on the amount of his economic damages stemming from the material breach of the agreement." In reality, WOW did not provide any compensation to Mr. Pond under the Offer of Employment because he was not entitled to any such payments.

41. In his Demand Letter, Mr. Pond claims that his "economic damages caused by the material breach of the agreement to be in excess of $2,904,400." (Emphasis removed). As set forth above, Mr. Pond's assertion is specious—even if he had entered into an employment agreement and performed his duties under the agreement (which he did not)—because it is based on an frivolous interpretation of the compensation provision in the Offer of Employment.

F.  **WOW Rejects Mr. Pond's Meritless Claims.**

42. On December 7, 2020, WOW, through its counsel, responded to Mr. Pond's Demand Letter ("Response Letter"). The Response Letter is attached hereto as **Exhibit D**.

43. Specially, WOW states in its Response Letter that "there is no valid contract between Mr. Pond and WOW because a condition precedent to the formation of the contract did not occur." That is, Mr. Pond never executed the Non-Disclosure Agreement.

44. WOW further states in its Response Letter that even if the Offer of Employment was a valid agreement, Mr. Pond is not entitled to any compensation under the Offer of Employment because he had not performed his principal duties. WOW also states in the Response Letter that Mr. Pond is not entitled to relief because the COVID-19 pandemic excused any nonperformance by WOW.

G.  **Mr. Pond Indicates That He Intends To File A Claim Against WOW.**

45. On December 7, 2020, Mr. Pond, through his counsel, replied to WOW's Response Letter. Mr. Pond disagreed with WOW's position and maintained his position that WOW had breached the Offer of Employment. In particular, despite having been provided with the Non-Disclosure Agreement, Mr. Pond asserted that he "was never provided any of the non-disclosure agreements that were allegedly a condition of acceptance" of the Offer of Employment. The December 7, 2020 email is attached as **Exhibit E**.

46. Mr. Pond stated that if WOW did not agree to his unjustified settlement demand, he would "move forward with filing suit."

47. On December 10, 2020, Mr. Pond, through his counsel, sent another email asserting that Mr. Pond was employed with WOW and that he was entitled to compensation. The December 10, 2020 email is attached as **Exhibit F**.

48. Mr. Pond again noted that he intended to initiate litigation against WOW if WOW did not agree to his settlement demand.

## CLAIM FOR RELIEF
### FIRST CAUSE OF ACTION
Declaratory Relief
(28 U.S.C. § 2201)

49. WOW incorporates by reference the allegations set forth in paragraphs 1 through 48 as if set forth herein.

50. Federal law provides that this Court may "declare the rights and other legal relations of any interested party seeking such declaration" when there is "a case of actual controversy within its jurisdiction." 28 U.S.C. § 2201.

51. A case of actual controversy exists here. Mr. Pond has threatened to file a lawsuit against WOW for an alleged breach of contract and claimed that he has suffered nearly three million dollars in damages.

52. WOW alleges that it never entered into an employment agreement with Mr. Pond, and that neither WOW nor its affiliated companies owe Mr. Pond any compensation or other payments under the Offer of Employment. Mr. Pond disputes those allegations.

53. A true and actual controversy now exists between WOW and Mr. Pond regarding (1) whether the Offer of Employment was formed, (2) whether WOW breached the Offer of Employment, and (3) whether WOW's alleged nonperformance is excused.

54.     WOW desires a judicial determination and declaration of WOW's and Mr. Pond's respective rights and duties concerning whether the Offer of Employment constitutes an enforceable employment agreement and, if an employment agreement were formed, whether WOW breached the Agreement and whether any such breach was excused.  Such a declaration is necessary and appropriate at this time so that WOW may ascertain its rights and duties without being subjected to continuing potential liability for allegedly breaching the Offer of Employment.

55.     Such a declaration is necessary and appropriate because, in the absence of a declaration, WOW will continue to face meritless demands and threats from Mr. Pond that WOW, or a company affiliated with WOW, continues to owe compensation to him.

## PRAYER FOR RELIEF

WHEREFORE, WOW prays for relief against Mr. Pond as follows:

1.      For a declaratory judgment stating that the Offer of Employment does not constitute an enforceable employment agreement between WOW and Mr. Pond, or, in the alternative, that WOW did not breach the Offer of Employment, or, in the alternative, that any nonperformance by WOW is excused;

2.      For its costs incurred herein; and

3.      Such other and further relief as the Court may deem appropriate.

## DEMAND FOR A JURY TRIAL

WOW demands a trial by jury on all claims and issues triable as a matter of right by a jury.

Dated:   December 18, 2020

Respectfully submitted,

*/s/ Jason C. Schwartz*
Jason C. Schwartz, VSB No. 43635
E-mail:jschwartz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5306
Telephone:     202.955.8500
Facsimile:     202.467.0539

Attorney for Plaintiff WOW air LLC